UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA K. THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>PARAG SHAH, et al.,<br><br>Defendants. | Case No. 5:18-cv-02193-AG (SHK)<br><br>ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND AND WITH PREJUDICE |

On October 16, 2018, Plaintiff Melinda K. Thomas ("Plaintiff"), a prisoner incarcerated at West Valley Detention Center in Rancho Cucamonga, California, proceeding pro se, filed a civil rights complaint ("Complaint" or "Compl.") under 42 U.S.C. § 1983 ("§ 1983"), against criminal defense attorneys Parag Shah and Brandon Wood; Judge Tony Raphael and Judge Hutson of the Victorville Superior Court; and Jennifer Roth of the San Bernardino County's District Attorney's Office (collectively "Defendants"). Electronic Case Filing Number ("ECF No.") 1, Compl. For the reasons below, the Court **DISMISSES** Plaintiff's Complaint, without leave to amend and with prejudice.

**I. BACKGROUND**

On October 16, 2018, Plaintiff filed the Complaint against Defendants and

requested to proceed in forma pauperis ("IFP").  Electronic Case Filing Number ("ECF No.") 1, Compl.; ECF No. 2, Req. to Proceed IFP.  In her Complaint, Plaintiff claims that Defendants violated Plaintiff's rights while performing their duties during the course of her criminal proceeding before the Superior Court, such as exchanging information in her criminal file, remanding her into custody, and ordering a competency evaluation that purportedly violated her right to a speedy trial.  ECF No. 1, Compl. at 5-7.  Plaintiff requests compensatory damages and the dismissal of her criminal case.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner in custody, the Court must screen the Complaint under the Prisoner Litigation Reform Act of 1995 where "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

In making this assessment, the Court applies the pleading standard from Federal Rule of Civil Procedure 8 ("Rule 8"), which requires "a short and plain statement" of the claim that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554, 562-63 (2007).  A complaint filed by a pro se litigant "is to be liberally construed, and . . . must be held to less stringent standards than formal pleadings drafted by lawyers."  Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted).  However, if a court finds a pro se complaint deficient, dismissal may be with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1124 (9th Cir. 2000).

/ / /

/ / /

/ / /

## III. DISCUSSION

Plaintiff's Complaint fails because Plaintiff names Defendants who are either immune from suit or are not subject to suit under § 1983. For these reasons, the Court dismisses the Complaint without leave to amend and with prejudice.

### A. Judge Raphael and Judge Huston Are Immune From Suit.

Plaintiff's claims against Judge Raphael and Judge Hutson fail because both Defendants are entitled to judicial immunity. Judicial immunity protects judges from liability for damages for acts committed within their jurisdiction, including § 1983 lawsuits. Pierson v. Ray, 386 U.S. 547, 554 (1967). A judge is not immune only where the judge (1) acts outside their judicial capacity; or (2) takes actions judicial in nature but "in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12 (1991).

Plaintiff claims that Judge Raphael denied her right to a speedy trial by ordering a competency evaluation and restarting her 60-day trial deadline, and that Judge Hutson unlawfully changed the time of Plaintiff's hearing and detained Plaintiff for threatening her lawyer. ECF No. 1, Compl. at 5-6. However, issuing orders, setting schedules, and remanding criminal defendants into custody are all acts within Defendants' judicial capacities. See Finnegan v. Clark, No. 8:18-CV-00330-SJO (KES), 2018 WL 2972504, at *6 (C.D. Cal. May 22, 2018). In addition, Plaintiff at no time alleges that either judge acted in the absence of jurisdiction. Therefore, Plaintiff's claims against these Defendants are barred by judicial immunity and are dismissed without leave to amend and with prejudice.

### B. "District Attorney" Roth Is Immune From Suit.

Defendant Roth is also immune from suit as an attorney in the San Bernardino's District Attorney's Office. Plaintiff alleges that Roth is liable under § 1983 because she accepted Plaintiff's criminal file from her defense attorneys and "intended on using it against" Plaintiff at trial. The exchange of pre-trial discovery is part of the judicial process such that Defendant Roth is entitled to the

protection of absolute immunity. Ohman v. Cty. of Orange, 460 F. App'x 649, 650 (9th Cir. 2011) (holding that prosecutor conducting discovery in criminal proceeding protected by absolute immunity). Accordingly, Plaintiff's claims against Defendant Roth are not actionable and are, therefore, dismissed without leave to amend and with prejudice.

### C. Defendants Shah and Wood Cannot Be Sued Under § 1983.

Defendants Shah and Wood are not state actors for purposes of § 1983 but rather the Plaintiff's appointed criminal defense attorneys. Actions under § 1983 are only able to be brought against state actors and not private citizens or those acting as private citizens. Here, both Shah and Wood disclosed Plaintiff's criminal file to Defendant Roth in performance of their duties as defense attorneys. As such, they are not "state actors" and therefore not liable under § 1983. Polk Cty. v. Dodson, 454 U.S. 312, 318 (1981). Consequently, Plaintiff has no cognizable claim against Defendants Shah and Wood and, thus, these claims are dismissed without leave to amend and with prejudice.

## IV. ORDER

Because these defects cannot be cured by amendment, the Court **DISMISSES** the Complaint, without leave to amend and with prejudice.

Dated: October 31, 2018

HONORABLE ANDREW J. GUILFORD
United States District Judge

Presented by:

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge